UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HOUSING AUTHORITY OF SOUTH BEND, )
and JOANNE WATFORD, )
)
     **Plaintiffs,** )
)
     v. ) No. 3:15 CV 256
)
CYNTHIA M. HERNDON )
)
     **Defendant.** )

## OPINION AND ORDER

**I.**    **BACKGROUND**

Cynthia Herndon, who is *pro se*, has filed a motion for leave to proceed *in forma pauperis* (DE # 2) and a notice of removal of an action filed against her in the St. Joseph County Superior Court (DE # 1). Herndon has included a court document relating to an application for immediate possession of real property under the cause number 71D011505-SC-005675. (DE # 1-2.) The plaintiff in that action, the Housing Authority of South Bend, Indiana ("HASB"), seeks possession of a rental property located at 3602 Edison Road. (DE # 1-1.) In simple terms, it is an eviction case. According to Herndon, this case is removable to federal court because it is related to a housing discrimination case that she had previously filed against HASB. (DE # 1). That case, No. 3:15 CV 169, is currently pending before this court.

HASB Filed a motion to remand the state court action the St. Joseph County Superior Court. (DE # 4.) Herndon filed a response to this motion (DE # 5) as well as a motion seeking leave to file a counterclaim against HASB (DE # 18). For the following

reasons, this case is remanded to the Superior Court of St. Joseph County and the motion for leave to proceed *in forma pauperis* is denied as moot.

## II.     DISCUSSION

In cases of removal, 28 U.S.C. § 1147(c) obliges the district court to remand a case if it lacks subject-matter jurisdiction. In determining whether removal is proper under 28 U.S.C. § 1441, a district court must construe the removal statute narrowly and resolve any doubts in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993); *see also Shamrock Oil & Gas v. Sheets,* 313 U.S. 100, 108 (1941). In general, federal courts have subject-matter jurisdiction over two types of cases: (1) cases "arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331; and (2) cases between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Additionally, the federal officer removal statute, 28 U.S.C. § 1442, permits removal in limited situations such as a civil action or criminal prosecution against an officer or agency of the United States.

The main thrust of Herndon's argument is that removal is proper because the eviction involves the same matters as her housing discrimination case. (DE # 5.) However, a state court eviction does not arise under the Constitution, laws or treaties of the United States. *Kubiak v. Meltzer*, 2013 WL 1114203 at * 1 (N.D. Ill. March 15, 2013). Even though, broadly speaking, the two suits may center around the same dispute, the two causes of action are separate and distinct from one another. The mere fact that this

court maintains jurisdiction over the housing discrimination case does not create jurisdiction over a case that arises under state law. *Id.*

This remains the case even if, as HASB anticipates (DE # 4 at 4), Herndon's defense to the eviction invokes the same federal claims as her discrimination case. Under the long-established "well-pleaded complaint rule" a case will not be removable if the complaint does not affirmatively allege a federal claim. *Fedor v. Cingular Wireless Corp.,* 355 F.3d 1069, 1071 (7th Cir. 2004) (citing *Beneficial Nat'l Bank v, Anderson*, 539 U.S. 1 (2003)). Thus, even though a federal defense to the eviction may be available to Herndon, it nevertheless does not provide the basis for removal. *Id.* The same goes for Herndon's attempt fo file a counterclaim against HASB. (DE # 18.) "[A] counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for "arising under" jurisdiction." *Holmes Grp., Inc. v. Vornado Air Sys., Inc.,* 535 U.S. 826, 831 (2002).

Though Herndon also nominally invokes diversity jurisdiction (DE # 5 at 2), she does not, nor can she, present any argument that jurisdiction exists under 28 U.S.C. § 1332. Both Herndon, and HASB are citizens of the state of Indiana. Moreover, the value of the possession of the real estate, estimated at $2,000 (DE # 1-1), falls well short of the $75,000 amount-in-controversy requirement of § 1332. Therefore, removal on the basis of diversity jurisdiction is not appropriate in this case. [1]

---

[1] Even if the court was to consider Herndon's $1.5 million dollar counterclaim, it would not alter the fact that both she and HASB are citizens of Indiana.

Instead, it appears that what Herndon intended by her reference to diversity of citizenship was, instead, an invocation of the federal officer removal statute, 28 U.S.C. § 1442. (DE # 5 at 2.) She argues that, because HASB receives federal funding from the U.S. Department of Housing and Urban Development, it is a federal agency for purposes of § 1442. (*Id.* at 2-3.) This argument is likewise unavailing.

The federal officer removal statute states as follows: "A civil action or criminal prosecution that is commenced in a state court and that is *against or directed to* any of the following [federal officers or agencies] may be removed *by them* to the district court of the United States . . . ." 28 U.S.C. § 1442(a) (emphasis added). Thus, by its own terms, the removal statute is necessarily limited to federal actors who are both being sued (or prosecuted) and are choosing to invoke this statute on their own behalf. In the present case, HASB is neither the defendant, not is it the party seeking to remove the case to federal court. Quite simply, it is not within Herndon's authority to invoke removal under § 1442.

That is in addition to primary defect in Herndon's invocation of the removal statute which is that the Housing Authority of South Bend is not a federal agency. The fact that HASB may receive some federal funding does not transform it into a federal agency for purposes of removal. There are limited situations where the removal statute covers non-federal parties who are "acting under" a federal official. 28 U.S.C. § 1442(a)(1);*Venezia v. Robinson*, 16 F.3d 209, 211-12 (7th Cir. 2004). However, Herndon cannot establish that this caveat applies to the present case. *see Parks v. Guidant Corp.,*

402 F.Supp.2d 964, 967 (N.D. Ind. Nov. 21 2005) ("to remove a case to federal court under § 1442(a)(1) a private party must: (1) have acted under the direction of a federal agency or officer; (2) raise a colorable federal defense; and (3) demonstrate a causal nexus between the federal direction and the conduct in question"). Because the court lacks any basis for jurisdiction over the state court action, removal is inappropriate and the matter must be remanded to state court.

## III. CONCLUSION

For the foregoing reasons, this case is **REMANDED** to the Superior Court of St. Joseph County, Indiana pursuant to 28 U.S.C. § 1147(c). The motion for leave to proceed *in forma pauperis* (DE # 1) and all other pending motions are **DENIED AS MOOT.**

**SO ORDERED**.

Date: March 31, 2016

s/ James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT